UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANA MARIA RUBIO, | Case No.: 3:23-cv-00399-CSD |
| Plaintiff | **ORDER** |
| v. | Re: ECF No. 22 |
| FRANK BISIGNANO,<br>Commissioner of Social Security<br>Administration, | |
| Defendant | |

Before the court is Plaintiff's counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 22.) Plaintiff did not file a response. The Commissioner filed a response indicating he takes no position as to counsel's motion. (ECF No. 23.)

**I. BACKGROUND**

Plaintiff, represented by counsel, sought and was granted *in forma pauperis* status and filed her complaint requesting review of the final decision of Commissioner. (ECF Nos. 1, 1-1, 5, 6.) Plaintiff filed a motion for reversal and/or remand. (ECF No. 11.) The Commissioner filed a response and cross-motion to affirm. (ECF Nos. 15, 16.) The undersigned granted Plaintiff's motion; denied the Commissioner's cross-motion; and directed that the matter be remanded for further proceedings before the Administrative Law Judge (ALJ). (ECF No. 18.) The court entered judgment in Plaintiff's favor. (ECF No. 19.) The parties stipulated, and the court ordered an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $4,200. (ECF Nos. 20, 21.) On remand, the Commissioner awarded Plaintiff $80,533 in past due benefits. (*See* ECF No. 22 at 6; ECF No. 22-2; ECF No. 22-3.)

Plaintiff's representation was based on a contingency fee agreement. Plaintiff's counsel filed this motion requesting an award of attorney's fees in the amount of $15,000 under 42 U.S.C. § 406(b), with the $4,200 award under the EAJA to be reimbursed to Plaintiff for the EAJA fees previously paid. (ECF No. 22.)

## II. LEGAL STANDARD

The court may award fees when it "renders a judgment favorable to a claimant … who was represented before the court by an attorney … not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1).

"[A]n award under §406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012). "The fee is payable 'out of, and not in addition to, the amount of past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing §406(b)(1)). "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

In conducting the fee analysis, the court should begin with the contingent fee agreement and determine if it is within the 25 percent cap, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if

the requested fee would result in a windfall." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

*Crawford* has set forth factors that district courts should consider in determining the reasonableness of the fee, including: (1) the character of the representation (whether there was substandard performance or delay attributable to the attorney requesting the fees); (2) the results achieved; (3) whether the benefits of the representation were out of proportion with the time spent on the case; and (4) the risk assumed by counsel in accepting the case. *Id.* at 151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id*. at 1148 (quoting *Gisbrecht*, 535 U.S. at 808).

The attorney bears the burden of establishing that the fee sought is reasonable. *Id*. at 1145, 1148 (citing *Gisbrecht*, 535 U.S. at 807). "Since *Gisbrecht* … district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee arrangements" because "courts recognize that basing a reasonableness determination on a simple hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Finally, when fees are awarded under the EAJA, and fees are also awarded under section 406(b) in the same court, the court must offset the EAJA award against the section 406(b) award. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin*, 698 F.3d 1215, 1221 (9th Cir. 2012).

### III. DISCUSSION

Here, the contingency agreement was for a fee of 25 percent of past due benefits awarded if Plaintiff was successful, and $15,000 in fees is therefore within the 25 percent statutory cap. (ECF No. 22-1.)

Next, the court will address the *Crawford* factors. First, there is no issue with the character of the representation, i.e., nothing in the record suggests counsel's performance was substandard. There is no delay or dilatory conduct attributable to Plaintiff's counsel. Second, Plaintiff's counsel achieved a successful result—a remand for further proceedings. Third, the benefits of representation are not out of proportion with the time spent on the case. 16.2 hours of attorney time and 2.6 hours of paralegal/clerical time were spent on this case. The fee of $15,000 for 18.8 hours of work translates to an hourly rate of $797.87 ($15,000 ÷ 18.8 hours), or an hourly rate of $574.47 after the EAJA fees in the amount of $4,200 are offset ($15,000 - $4,200 =$10,800 ÷ 18.8 hours).

Courts within this circuit have awarded fees under section 406(b) for similar rates and rates exceeding this amount. *See e.g. Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *Mandler v. Saul,* No. 2:13-cv-01636-GMN-GWF, 2020 WL 7335662 (D. Nev. Dec. 14, 2020) (approving effective hourly rate of $995.03); *Melendez Meza v. Berryhill,* No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour."); *Rolleri v. Berryhill*, 3:16-cv-HDM-WGC, 2019 WL 1646394 (D. Nev. April 16, 2019) (approving hourly rate of $923.91, and $788.04 with EAJA offset); *McCullough v. Berryhill*, Case No. 16-cv-00625-BLF, 2018 WL 6002324 (N.D. Cal. Nov. 15,

2018) (approving effective hourly rate of $874.72); *Harrell v. Berryhill*, Case No. 16-cv-02428-TSH, 2018 WL 4646735, at *4 (N.D. Cal. Sept. 24, 2018) (approving effective hourly rate of $1,213); *Lopez v. Colvin*, Case No. 6:14-cv-1910-SI, 2017 WL 168060, at *2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39).

Counsel has submitted billing records in support of the requested fee that the court has reviewed and finds the work performed to be reasonable. Finally, counsel, as in most Social Security cases, assumed a risk of going uncompensated in accepting the case and the time before past due benefits were awarded, if any, could be quite lengthy within both the courts and the Social Security Administration.

The amount of fees sought is within the 25 percent statutory cap, the plaintiff filed no objection to the request and counsel achieved an excellent result for his client.

Applying *Gisbrecht* and *Crawford*, the court concludes that the fees requested are reasonable and should be awarded under section 406(b) in the amount of $15,000 with an order that Plaintiff be reimbursed by counsel in the amount of $4,200 for the fees already awarded under the EAJA.

### IV. CONCLUSION

The motion for attorney's fees under § 406(b) (ECF No. 22) is **GRANTED.** Plaintiff's counsel is awarded $15,000 in fees, and Plaintiff's counsel shall refund to Plaintiff the amount of $4,200 for the fees awarded under the EAJA. **IT IS SO ORDERED**.

Dated: September 17, 2025

_____
Craig S. Denney
United States Magistrate Judge